# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2022

Lyle W. Cayce
Clerk

No. 20-60879
Summary Calendar

Osbel Perez Mantilla,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 966 413

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Osbel Perez Mantilla, a native and citizen of Cuba, petitions us for review of a decision of the Board of Immigration Appeals denying his claims for asylum and withholding of removal. He argues that the harm he suffered should have been found to be past persecution and that this harm makes his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60879

fear of future persecution reasonable.  Perez Mantilla has abandoned his claim for relief under the Convention Against Torture by failing to brief it. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

We review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  The substantial-evidence standard applies to review of decisions denying asylum and withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  This standard requires that the BIA's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  Under this standard, remand is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that the harm Perez Mantilla describes is persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996).  We are also not compelled to find that the general arguments Perez Mantilla offers prove that his fear of persecution is objectively reasonable when the IJ offered specific reasons. *See Lopez-Gomez*, 263 F.3d at 445.  The other arguments Perez Mantilla offers regarding the other asylum and withholding elements need not be addressed here as the claims can not succeed without persecution or fear of future persecution. *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

DENIED.